IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02063-WDM-CBS

VACATION TRAVEL INTERNATIONAL, INC.,

      Plaintiff,

v.

HECTOR V. BARETTO, in his official capacity as Administrator of the United States
Small Business Administration,

      Defendant.

---

## ORDER ON MOTIONS TO DISMISS

---

Miller, J.

      This matter is before me on the Motion to Dismiss Complaint Pursuant to Fed. R.

Civ. P. 12(b)(6) (doc no 15) ("Motion to Dismiss") and the Motion to Dismiss Claim Two

of Complaint For Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12 (b)(1) (doc no 14)

("Jurisdictional Motion to Dismiss") filed by defendant Hector V. Baretto (Administrator).

Plaintiff Vacation Travel International, Inc. (VTI) opposes the motions.  Upon review of

the parties' filings, I conclude oral argument is not required.  For the reasons that

follow, the motions are granted.

### Background

      VTI is a Colorado corporation that specialized in marketing and selling travel

packages, particularly for student travel.  Complaint ¶ 8.  After the September 11, 2001

terrorist attacks, VTI, along with the rest of the travel industry, suffered a downturn in

business.  Complaint ¶ 11.  VTI submitted an application for a Small Business

Administration ("SBA") economic disaster relief loan, which was originally denied on the

grounds that VTI did not qualify as a small business.  Complaint ¶ 13.  VTI appealed,

and, based on a change in the applicable regulations, was permitted to resubmit its

application in pursuant to a decision by the SBA's Office of Hearings and Appeals,

dated March 21, 2002.  Exhibit 7, Jurisdictional Motion to Dismiss.[1]  April 2002.

Pursuant to that order, VTI's application was considered to be resubmitted as of March

15, 2002.  *Id.*  On April 15, 2002, VTI sent additional evidence to the regional SBA

office to demonstrate its eligibility for the loan.  Exhibit 8, Jurisdictional Motion to

Dismiss.  VTI alleges that in March 2002, a loan officer told VTI that it qualified for a

$1.5 million loan but that in April 2002, VTI learned that the loan was only regionally

approved and the national SBA office would need to approve the loan because it was in

excess of $1 million.  Complaint ¶¶ 14-15.  The loan officer told VTI that the approval

from the national office was merely a "rubber stamp."  Complaint ¶ 15.  VTI received a

loan authorization for $945,000 in July 2002.  Complaint ¶ 22; Exhibit 11, Jurisdictional

Motion to Dismiss.  The loan officer continued to assure VTI that the second loan for

---

[1]Plaintiff alleges in its complaint that it was permitted to "be eligible for a loan in February of 2002."  Complaint ¶ 13.  Although Plaintiff has not included the documents relating to its application and resubmission of the application in its complaint, I consider them to be incorporated in the pleadings and by considering them do not convert the Administrator's motion to a motion for summary judgment.  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").  To the extent that Plaintiff's allegations are contradicted by the documents submitted with the Administrator's motions (the authenticity of which Plaintiff apparently does not dispute), I will take the facts established in the documents as controlling.

the remaining amount would be processed.  Complaint ¶ 23.  Relying on these

assurances, VTI continued operating its business and entering into agreements with

vendors and customers.  Complaint ¶¶ 14, 17, 18, 26.  Processing of the second loan

was delayed by disclosure to the SBA of an ongoing lawsuit involving VTI.  Complaint

¶¶ 27-29, 34-37.  The second loan was ultimately denied and VTI was unable to

continue its operations.  Complaint ¶¶ 39-44.

VTI filed this lawsuit alleging two claims for relief: (1) breach of an oral contract

to loan VTI $1.5 million; and (2) promissory estoppel, based on the alleged oral

promise to loan VTI $1.5 million.

Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the

plaintiff could prove no set of facts entitling it to relief.  The court must accept as true all

well-pleaded facts and construe all reasonable allegations in the light most favorable to

the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir.

1996).

Discussion

1.   Jurisdictional Motion to Dismiss

The Administrator moves to dismiss the second claim of the complaint

(promissory estoppel) on the grounds that sovereign immunity has not been waived for

this type of claim.  The Administrator contends that the SBA's "sue and be sued" statute

found at 15 U.S.C. § 634(b)(1) does not waive immunity for a claim of promissory

estoppel.  In the alternative, the Administrator argues that VTI's claim essentially lies in

3

tort and is therefore subject to the exclusive provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*

15 U.S.C. § 634(b)(1) provides that the Administrator of the SBA may "sue and be sued [in state and U.S. district courts]. . . but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property." Tenth Circuit case law establishes that while the FTCA continues to be the exclusive remedy for actions sounding in tort, section 634(b)(1) provides a waiver of immunity for claims based on contract.[2] *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1030-31 (10th Cir. 1989); *Mar v. Kleppe*, 520 F.2d 867, 868 (10th Cir.1975). At least one other court in this district has held that this waiver also includes claims based on promissory estoppel. *Gilford v. United States*, 573 F. Supp. 96, 98 (D. Colo. 1983) (holding that broad language of section 634 indicates that promissory estoppel cause of action will lie against SBA).

I conclude that to the extent that a complaint properly pleads a claim of promissory estoppel and is premised on a promise, it essentially lies in contract and would fall within the waiver of immunity of section 634. *See Bd. of County Comm'rs of Summit County v. DeLozier*, 917 P.2d 714, 716 (Colo. 1996) ("A promise that is binding pursuant to the doctrine of promissory estoppel is a contract, and full-scale enforcement by normal contract remedies is appropriate.") (citing Restatement (Second) of Contracts § 90 cmt. D (1979)). I disagree with the conclusion of the court

---

[2]Absent a specific waiver of sovereign immunity, contract claims against an agency of the United States government must be brought in the Claims Court under the Tucker Act, 28 U.S.C. § 1491. *F.D.I.C. v. Hulsey,* 22 F.3d 1472, 1480 (10th Cir. 1994).

in *Lewis v. Firstbank of Shinnston*, 756 F. Supp. 259 (N.D. W. Va. 1991) that a claim of promissory estoppel, simply because it has its origins in equity, would be barred on the grounds that it is similar to the imposition of an equitable lien.

However, I find that VTI's allegations fail to establish the existence of a promise upon which it could have reasonably relied. Accordingly, the claim fails as an alternatively pled contract cause of action. I agree with the Administrator that, at most, the allegations demonstrate a claim of misrepresentation, which is not within the scope of the waiver and would be barred by the FTCA.

Although there is no *per se* prohibition on asserting a claim of estoppel against the United States, a plaintiff has a heavy burden. *Heckler v. Community Health Serv. Of Crawford County*, 467 U.S. 51, 60 (1984). Reliance on the oral advice of a government agent that is contrary to regulation is not reasonable and cannot give rise to an estoppel claim. *Id.* at 65-66. Here, any reliance by VTI on the loan officer's alleged statement that VTI qualified for the full $1.5 million loan and later assurances that the loan would be forthcoming would be unreasonable for numerous reasons. First, the loan officer himself informed VTI that the national office, not he, had the authority to approve the loan. In addition, reliance would be unreasonable as SBA regulations put VTI on notice that loan approval was provided by a loan authorization. Pursuant to regulation, loan approval is manifested by the issuance of a loan authorization, which specifies the amount of the loan, repayment terms, any collateral requirements, and the permitted use of the loan proceeds. *See* 13 C.F.R. §§ 123.9, 120.192 ("If a loan is approved, an Authorization will be issued."). VTI could not

reasonably rely on oral representations that its loan was or would be approved when the officer did not have the authority to approve the loan in full and VTI had not received a loan authorization for the full amount of the requested loan.[3]  Finally, reliance would not be reasonable because the SBA may deny a loan initially approved upon discovery of a disqualifying event.  *See Romeo v. United States*, 462 F.2d 1036, 1038 (5th Cir. 1972).  In light of the considerable discretion vested in the SBA to approve, deny, or rescind a loan, it would not be reasonable for VTI to believe it was guaranteed a loan, in the absence of an authorization, regardless of any intervening events or changed circumstances such as the lawsuit involving VTI.

Even construing the allegations in the light most favorable to VTI, the claim is basically premised on a false statement of fact, not a promise, regarding the approval. *See Bateman v. F.D.I.C.*, 112 F. Supp. 2d 89, 95 (D. Mass. 2000) ("Despite the 'estoppel' label, [the plaintiff's] claim is essentially for 'misrepresentation' because it is premised upon [the plaintiff's] reliance upon erroneous information supplied by FDIC employees").  The allegations demonstrate that the loan officer's purported assurances were not a promise on behalf of the SBA to take some action, but rather a representation of a state of affairs within the SBA (i.e., that the national approval was a

---

[3]That VTI actually did not rely on the officer's representation that the loan was approved in full is supported by VTI's submission of its materials to the SBA regional office in April 2002, made after the alleged March statement, in which VTI states, "we respectfully request that the regional office consider VTI's loan application, as resubmitted pursuant to the ALJ's Order, using the enclosed revised financial statements and tax returns."  Ex. 8, Jurisdiction Motion to Dismiss.  This language clearly demonstrates that the VTI knew the SBA had the power to approve or deny the application, not that VTI believed the loan had already been approved.

mere "rubberstamp"), which turned out to be incorrect.  I agree with the court in

*Bateman* that a party should not be permitted to avoid the limitations of the FTCA by

pleading a claim in estoppel.  *Id.*  Because a claim for misrepresentation would be

barred on numerous grounds, including failure to exhaust and the FTCA's exception to

the waiver of immunity for tort claims based on misrepresentation, 28 U.S.C. § 2680(h),

I conclude that I do not have jurisdiction and this claim must be dismissed.

2.      <u>Motion to Dismiss</u>

        The Administrator moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6)

on the grounds that the allegations do not demonstrate the existence of an enforceable

contract and because VTI could not have reasonably relied on an alleged oral approval

of the loan.  As discussed above, concerning promissory estoppel, I agree that VTI's

contract claim cannot stand.

        The Administrator argues that Plaintiff's loan application was an offer,

acceptance of which is demonstrated by the SBA's approval of the loan by way of the

issuance of a loan authorization, which specifies the amount of the loan, repayment

terms, any collateral requirements, and the permitted use of the loan proceeds.  *See* 13

C.F.R. § 123.9, 13 C.F.R. § 120.192 ("If a loan is approved, an Authorization will be

issued.").  In the alternative, the Administrator argues that the loan officer who allegedly

made an oral promise to loan the full amount requested did not have the authority to

make such a promise.  Plaintiff, by contrast, argues that the loan officer's statement

that VTI was qualified for a $1.5 million loan was an offer, which VTI accepted by

continuing to conduct business.  In the alternative, VTI argues that this and the scope

of the loan officer's authority are issues of fact for the jury.

I agree with the Administrator that any alleged promise by the loan officer was unenforceable as outside the scope of his authority.  To recover for breach of an express or implied contract with the United States, a plaintiff must demonstrate that the officer whose conduct is relied upon had actual authority to bind the government in contract.  *See H. Landau & Co. v. the United States*, 886 F.2d 322, 324 (Fed. Cir. 1989).  In response, VTI argues that because the loan officer had a title of "Supervisory Loan Officer," it is possible that he had implied authority to make contracts on behalf of the SBA, which the Administrator has failed to disprove.  However, it is VTI's burden to demonstrate the existence of such authority, and its argument is inconsistent with VTI's complaint allegation that the regional loan officer would have to obtain national office approval for a loan over $1 million.  *See also Bateman v. F.D.I.C.*, 112 F. Supp. 2d at 95-96.

I also reject VTI's argument that the loan officer could have had authority but mistakenly said he did not, thus binding the United States.  The case it cites for this proposition, *Aminoil U.S.A., Inc. v. Cal. State Water Res. Control Bd.,* 674 F.2d 1227 (9th Cir. 1982), concerns sovereign immunity and has no bearing on the issues in this case.

Accordingly, it is ordered:

1.      The Motion to Dismiss Claim Two of Complaint For Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12 (b)(1) (doc no 14) is granted.

2.      The Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (doc no

15) is granted.

3.      The complaint is dismissed.

DATED at Denver, Colorado, on February 5, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge